IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO LEE, :
:
    Petitioner :
:
v. : CIVIL NO. 4:17-CV-315
:
WARDEN BALTAZAR, : (Judge Brann)
:
    Respondent :

## MEMORANDUM

April 18, 2017

**Background**

    Antonio Lee, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as sole Respondent is Warden Baltazar of USP-Canaan. The Petitioner has also filed an in forma pauperis application which will be granted for the purpose of the filing of this matter with this Court..

    Petitioner was convicted of intentionally possessing a firearm as a convicted felon following a jury trial in the United States District Court for the Middle District of Tennessee. See United States v. Lee, 501 Fed. Appx. 486 (6th Cir. 2012). Following a direct appeal, Lee's conviction was affirmed by the United

1

States Court of Appeals for the Sixth Circuit on October 1, 2012.  See id. Petitioner indicates that he did not previously seek relief with the sentencing court via a petition pursuant to 28 U.S.C. § 2255.  See Doc. 1, ¶ 10.

Lee's pending action seeks habeas corpus relief on the basis his underlying criminal sentence was improperly enhanced under the Armed Career Criminal Act (ACCA)   See id. at ¶ 13.  He briefly alleges that two Tennessee state convictions which were used to enhance his federal sentence do not qualify as being serious drug offenses under the ACCA.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A

States Court of Appeals for the Sixth Circuit on October 1, 2012.  See id. Petitioner indicates that he did not previously seek relief with the sentencing court via a petition pursuant to 28 U.S.C. § 2255.  See Doc. 1, ¶ 10.

Lee's pending action seeks habeas corpus relief on the basis his underlying criminal sentence was improperly enhanced under the Armed Career Criminal Act (ACCA)   See id. at ¶ 13.  He briefly alleges that two Tennessee state convictions which were used to enhance his federal sentence do not qualify as being serious drug offenses under the ACCA.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A

petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner argues that he may bring his present claim of an unconstitutional enhanced sentence via a § 2241 petition. It would appear that Lee contends that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Canaan.

When challenging the validity of a federal sentence and not its execution,[1] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This

---

[1] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his ACCA enhanced sentence which was entered in the Middle District of Tennessee. Thus, he must do so by following the requirements of § 2255. As previously noted, Petitioner states that he has not previously filed a § 2255 action.

Petitioner's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Rather, his action only challenges the legality of his ACCA sentence

4

enhancement. He also acknowledges that he is not seeking relief based upon a Supreme Court decision which can be retroactively applied to cases on collateral review. See Doc. 1, ¶ 10. Lee has not shown that he is unable to present his claims via a § 2255 proceeding. As recognized by the Honorable Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Lee's pending claim does not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). As previously noted, Petitioner admits that he has not previously filed a § 2255 petition for the purpose of pursuing his present claim of an improper ACCA sentence enhancement. See Dixon v. Warden, FCI-Schuylkill, 2015 WL 871828

*3 (M.D. Pa. Feb. 27, 2015)(before the federal court door to the filing of a § 2241 petition opens, the applicant is first required to seek § 2255 relief).

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's sentence, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to file a section 2255 motion in the Middle District of Tennessee, or if appropriate seek authorization from the Sixth Circuit Court of Appeals to file a second or successive § 2255 petition. An appropriate Order will enter.

                            BY THE COURT:

                            <u>s/ Mathew W. Brann</u>
                            Matthew W. Brann
                            United States District Judge